IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFIE KENDALL COATS, | : | 1:21-cv-964 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| KEVIN KAUFMANN, *et al.*, | : | Hon. Martin C. Carlson |
| | : | |
| Respondents. | : | |

## ORDER

### July 7, 2021

**AND NOW**, upon consideration of the Report and Recommendation (Doc. 9) of United States Magistrate Judge Martin C. Carlson recommending that this 28 U.S.C. § 2254 petition for writ of habeas corpus be transferred to the United States District Court for the Eastern District of Pennsylvania, inasmuch as the Petitioner is challenging a state conviction arising out of a case prosecuted in state court located within the territorial jurisdiction of the Eastern District of Pennsylvania, and finding that it would be in the interest of justice to transfer this petition to the Eastern District of Pennsylvania, *see* 28 U.S.C. § 2241(d), and the Court noting the Petitioner has not filed objections[1] to the instant report, and thus further noting that

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes

there is no clear error on the record, *see Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level") and the Court finding Judge Carlson's analysis to be thorough, well-reasoned, and fully supported by the record **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 5) of Magistrate Judge Carlson is **ADOPTED** to the following extent:

    a. The Clerk of Court shall **TRANSFER** this matter to the United States District Court for the Eastern District of Pennsylvania.

3. The Clerk of Court is directed to **CLOSE** the file on this case within the Middle District of Pennsylvania.

s/ John E. Jones III
John E. Jones III, Chief Judge
United States District Court
Middle District of Pennsylvania

---

to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The Court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.